UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SIDNEY DONALD JENKINS, III, | |
| Plaintiff, | CASE NO. 3:18-cv-05049-BHS-JRC |
| v. | ORDER DENYING MOTION TO COMPEL |
| ROBOT KAY, et al., | |
| Defendants. | |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge J. Richard Creatura. *See* Dkt. 2. Plaintiff has filed a "Motion To Compel[] Discovery Pursuant to Fed. R. Civ. P. 37(a)(2)." *See* Dkt. 39. Because plaintiff did not certify in his motion to compel that he met the requirement to meet and confer with the opposing party, his motion is denied.

///

///

///

# BACKGROUND

Plaintiff, who is housed at Clallum Bay Corrections Center ("CBCC") (Dkt. 16, at 5), brought this action against fourteen staff members of the Department of Corrections, alleging that they violated the First, Eighth, and Fourteenth Amendments because they attempted to serve him unsafe food and refused to provide alternative meals. *See* Dkt. 16, at 7. The Court ordered service of an amended complaint on defendants, including a defendant—"Gibson"—whom plaintiff had identified by last name only. *See* Dkt. 16, at 5.

An assistant attorney general (the "Assistant AG") entered a notice of appearance for nine of the defendants on August 13, 2018 and then for three more defendants on September 10, 2018. *See* Dkts. 20, 30. However, no attorney entered a notice of appearance for the remaining defendant—"Gibson." *See* Dkt. After receiving plaintiff's requests for production on August 27, 2018, which were addressed to all "Defendants," the Assistant AG informed plaintiff that the Assistant AG could not accept service of discovery on behalf of individuals whom he did not represent. *See* Dkts. 39, at 7; 41-1, at 11.

In response, plaintiff wrote the Assistant AG and refused to change his discovery requests, contending—erroneously—that the answer was filed by all defendants. *See* Dkts. 34, 41-1, at 14. The Assistant AG responded that this was incorrect and that the thirteen defendants would not respond unless plaintiff revised his requests. *See* Dkt. 39, at 24.

Plaintiff did not respond, instead filing this motion to compel on the same day as the deadline to complete discovery. *See* Dkts. 38, 41, at 2. After receiving plaintiff's motion, the Assistant AG provided kiosk messages responsive to plaintiff's discovery requests but "made it clear to [plaintiff] that [the thirteen defendants were] not waiving any argument about whether his original discovery requests were properly propounded." Dkt. 41, at 3.

# DISCUSSION

Plaintiff requests that this Court find that the thirteen defendants failed to provide any legitimate reason to withhold discovery and order "[c]ounsel for the defense" to respond to his discovery requests. *See* Dkt. 39, at 4–5.

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. Similarly, Local Civil Rule 37(a) requires a party who files a motion to compel to first "meet and confer" with the opposing party:

> (1) *Meet and Confer Requirement.* Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

Plaintiff's failure to certify that he "in good faith conferred or attempted to confer with" defense before filing his motion to compel is, alone, sufficient for this Court to deny his motion. Although plaintiff is proceeding *pro se*, he is required to read and comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's orders. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

It should be noted that meeting and conferring to discuss this issue was especially appropriate here, where it seems apparent that the twelve defendants who are represented were the only ones who were in a position to respond to plaintiff's discovery. The remaining

defendant, who has not been completely identified and who had not otherwise appeared, is not currently subject to the jurisdiction of the Court. Therefore, the resolution of this issue appears self-evident. The parties should have met and conferred in an attempt to resolve this issue.

Thus, in accordance with Local Civil Rule 37(a)(1) and Federal Rule of Civil Procedure 37(a)(1), this Court **DENIES** plaintiff's motion to compel (Dkt. 39).

Dated this 2nd day of April, 2019.

J. Richard Creatura
United States Magistrate Judge