# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| SIDNEY DONALD JENKINS III, | CASE NO. C18-5049 BHS |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| ROBOT KAY, et al., | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 57, Plaintiff Sidney Donald Jenkins III's ("Jenkins") objections to the R&R, Dkts. 54, 56, the parties' supplemental briefing, Dkts. 58, 60, and Jenkins's motion to appoint counsel, Dkt. 61.

On May 20, 2019, Judge Creatura issued the R&R recommending that the Court grant Defendants' motion for summary judgment on all of Jenkins's claims. Dkt. 51. On June 5, 2019, Jenkins filed objections. Dkt. 54. On June 17, 2019, Defendants responded

1 and requested clarification of one portion of the R&R. Dkt. 55. On June 21, 2019,

2 Jenkins filed supplemental objections. Dkt. 56.

3 On July 25, 2019, the Court requested supplemental briefing because it appeared

4 that a material question of fact may exist on one of Jenkins's claims. Dkt. 57. On

5 August 8, 2019, Defendants responded. Dkt. 58. On August 14, 2019, Jenkins

6 responded. Dkt. 60.

7 On December 11, 2019, Jenkins filed a motion to appoint counsel. Dkt. 61.

8 The district judge must determine de novo any part of the magistrate judge's

9 disposition that has been properly objected to. The district judge may accept, reject, or

10 modify the recommended disposition; receive further evidence; or return the matter to the

11 magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

12 In this case, the Court concludes that summary judgment is appropriate. First, the

13 R&R recommends dismissal of Jenkins's Eighth Amendment claim because Jenkins's

14 could have changed his meal plan at any time through a formal request. Dkt. 51 at 8–9.

15 Jenkins contends that a formal request is not necessary, but he fails to submit any

16 evidence to support this assertion. In their supplemental briefing, Defendants further

17 clarify the procedure and specifically cite evidence in the record to establish that the only

18 way to change a meal plan is through a formal request. Dkt. 58 at 3–7. In light of the

19 additional argument and evidence, the Court agrees with Defendants that Jenkins has

20 failed to create a material question of fact on this issue. Therefore, the Court adopts the

21 R&R on Jenkins's Eighth Amendment claim.

22

Second, the Court adopts the R&R on Jenkins's retaliation claim because he fails to establish that Defendants served him any contaminated food or serve him the proper meal plan after a formal request to change that plan.

Third, Jenkins's equal protection claim fails because he fails to establish that he was served contaminated food while other prisoners were not and fails to present any evidence of Defendants' intent to discriminate based on his religion.

Fourth, Defendants request that the Court clarify the R&R's resolution of Jenkins's motion to strike Defendants' evidence. Dkt. 55 at 3–5. The R&R denied the motion as moot as to one declaration because it was unnecessary to resolution of the issues and declined to consider the majority of the motion as to another declaration stating that all facts considered were within the personal knowledge of the declarant. Dkt. 51 at 6–7. There is no need to clarify these rulings because the issues may be disposed of without considering the contested evidence. If a reviewing court considers the evidence necessary, then it may rule on the evidentiary objections.

Finally, the Court denies Jenkins's motion to appoint counsel because he was able to sufficiently articulate his claims.

Therefore, the Court having considered the R&R, Jenkins's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Defendants' motion for summary judgment is **GRANTED**;

(3) Jenkins's motion to appoint counsel is **DENIED**;

(4) Jenkins's *in forma pauperis* status is **REVOKED** for purposes of appeal; and

(5) The Clerk shall enter a JUDGMENT and close the case.

Dated this 18th day of December, 2019.

BENJAMIN H. SETTLE
United States District Judge